UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JORGE RAMOS,                                                          Index No.: 24-CV-370

                                            Plaintiff,                **COMPLAINT**

              -against-                                           Plaintiff Demands Trial by Jury

CITY OF NEW YORK
POLICE OFFICER JOHN DOE #1
POLICE OFFICER JOHN DOE #2, and
POLICE OFFICER JOHN DOE #3,

                                           Defendants.
------------------------------------------------------------------X

Plaintiff, JORGE RAMOS, by and through his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK and POLICE OFFICERS JOHN DOE #1-3, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff, JORGE RAMOS, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the Southern District of New York.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.      Plaintiff JORGE RAMOS resides in the State of New York and is of full age.

6.      Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7.      Defendant POLICE OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in

them by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

8.      Defendant POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

9.      Defendant POLICE OFFICER JOHN DOE #3 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE #3 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

## **STATEMENT OF FACTS**

10. On or about June 11, 2023, at approximately 10:30 P.M., in the vicinity of Harris Field Park near Goulden Ave & Bedford Avenue in the Bronx, plaintiff JORGE RAMOS was lawfully present when police officers, including defendants POLICE OFFICERS JOHN DOE #1-3, approached a crowd of which plaintiff was a part.

11. Plaintiff, using his cell phone, began to record the interaction between the officers and other individuals in the crowd.

12. As he was recording, plaintiff maintained a reasonable distance from the officers and did not interfere with any police action.

13. However, another individual, standing in front of plaintiff, approached the officers and was pushed by defendant POLICE OFFICER JOHN DOE #1.

14. After that individual was pushed, he responded by swinging an open hand at the officer, which missed.

15. Defendants POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JOHN DOE #3 then rushed both the individual who swung his hand and plaintiff, even though plaintiff had done nothing to warrant the use of force against him.

16. The officers forced plaintiff to the ground, caused him to hit his head on the sidewalk and then struck him repeatedly before placing him in handcuffs.

17. Plaintiff was taken into custody and transferred to a police precinct where he was placed in a cell, where he remained for several hours.

18. Plaintiff was charged with Assault on an Officer and other crimes.

19. All charges against plaintiff were eventually dismissed.

20. At no time during the events described above did plaintiff commit any act for which the force used against him would be a reasonable response.

21. At no time during the events described above did defendants have probable cause or any other legal justification to use force against plaintiff.

22. At no time during the events described above did plaintiff commit any act for which he could be arrested.

23. At no time during the events described above did plaintiff commit any act for which he could be charged with a crime or violation.

24. As a result of defendants' unnecessary and illegal use of force and their abuse of arrest power, plaintiff did suffer injury, including but not limited to scrapes, cuts, bruises, bodily pain and the loss of liberty.

## AS FOR A FIRST CAUSE OF ACTION

***Excessive Force as against defendant POLICE OFFICERS JOHN DOE #1-3 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983***

25. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

26. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

27. All of the aforementioned acts of defendants were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

30. The acts complained of resulted in pain and injury to plaintiff.

31. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*False Arrest as against defendant POLICE OFFICER JOHN DOE in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

32. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

33. At all times during the events described above defendant POLICE OFFICER JOHN DOE #1 lacked probable cause to arrest plaintiff.

34. All of the aforementioned acts of defendant JOHN DOE #1 were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

36. The acts complained of were carried out by the defendants in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

37. The arrest complained of resulted in plaintiff's unlawful loss of liberty.

38. The arrest complained of deprived plaintiff of his right to be free from false arrest.

## AS FOR A THIRD CAUSE OF ACTION

***Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK***

39. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

40. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

41. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

42. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and abuse of arrest power as described in this Complaint.

43. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights

of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: January 18, 2024
       New York, NY

By:     */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
*Jorge Ramos*
378 Lewis Ave. #6
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com